IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


BOARDS OF TRUSTEES OF OHIO LABORERS'
FRINGE BENEFIT PROGRAMS,

        Plaintiff,


    vs.                          Civil Action 2:09-CV-45
                                    Magistrate Judge King

MERIDIETH CONSTRUCTION, INC.,
*et al.*,

        Defendants.



<u>OPINION AND ORDER</u>

        Plaintiffs bring this action pursuant to §301 of the Labor-Management Relations Act of 1947, 29 U.S.C. §15, and §502 of the Employees Retirement Income Security Act of 1972 (hereinafter "ERISA"), 29 U.S.C. §1132 *et seq.,* seeking recovery for amounts allegedly due certain employee benefit plans.  With the consent of the parties, 28 U.S.C. §636(c), this matter is before the Court on plaintiffs' motion for summary judgment.  Doc. No. 10.  There has been no response to that motion.


## I. Background

        Plaintiffs consist of the Boards of Trustees for The Ohio Laborers' Fringe Benefit Programs (hereinafter "Benefit Programs"), an association of three employee benefit trust funds and one labor

management cooperative trust.[1] *Complaint,* at 2, Doc. No. 1.  The Benefit

Programs maintain their principal place of business in Worthington, Ohio.

*Id.*  Defendant Meridieth Construction, Inc. (Hereinafter "Meridieth"),

is an employer with its principal place of business in Toledo, Ohio.

*Id.,* at ¶3.[2]

Meridieth executed an Ohio Heavy-Municipal-Utility State

Construction Agreement which requires that Meridieth make contributions

to the Benefit Programs.  *Affidavit of Plaintiffs' Administrative*

*Manager,* ¶11, attached to *Plaintiffs' Motion for Summary Judgment*

*("Archer Aff.")*; *Exhibit A* to *Archer Aff.*  Plaintiffs allege that

Meridieth acted in breach of that agreement by failing to make monthly

contributions to the Benefit Programs and by refusing to permit an audit

of its payroll records.  *Complaint,* at ¶6.  Specifically, plaintiffs

allege, Meridieth failed to pay $30,559.02 for the period April 2008

through January 2009 and was late in paying $5,236.04 for the period

November 2007 through March 2008.  *Plaintiffs' Motion for Summary*

*Judgment,* pp. 2-3.  *See also Archer Aff.,* ¶¶13-14.  Plaintiffs also

request recovery of liquidated damages and interest totaling $6,010.08,

*id.,* ¶17, and an attorney's fee in the amount of $2,526.25.  *See*

*Plaintiff's Affidavit in Support of Their Motion for Summary Judgment and*

*Application for Attorney Fees,* attached to *Plaintiffs' Motion for Summary*

---

[1]The three employee benefit trust funds are: (1) Ohio Laborers' District Council
– Ohio Contractors' Association Insurance Fund, (2) Laborers' District Council and
Contractors' Pension Fund of Ohio, and (3) Ohio Laborers' Training and Upgrading Trust
Fund.  The labor management cooperative trust is Ohio Laborers' District Council –
Ohio Contractors Association Cooperation and Education Trust (Section 302(c)(9) of the
Labor Management Relations Act).  *Complaint,* at ¶2.

[2]Defendant Lonnie L. Meridieth is an officer of Meridieth and allegedly is
responsible for filing contribution reports.  *Id.*  Plaintiffs' motion does not seek
judgment against this defendant.

*Judgment.*

## II. Discussion

### A. Standard

Although summary judgment should be cautiously invoked, it is an integral part of the federal rules, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)(quoting Fed. R. Civ. P. 1). The standard for granting summary judgment is found in Fed. R. Civ. P. 56. Rule 56(c) provides in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact ...." In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322. The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there

must be evidence on which the fact finder could reasonably find for the opposing party.  *Anderson,* 477 U.S. at 251.  Moreover,

> [w]hen a motion for summary judgment is made and supported, an opposing party may not rely merely on allegations or denials on its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. ...

Fed. R. Civ. P. 56(e).

Because Meridieth has failed to respond to the motion for summary judgment, there does not exist a genuine issue of material fact as to plaintiff's motion for summary judgment.

Plaintiffs' motion for summary judgment, Doc. No. 10, is meritorious and it is therefore **GRANTED.**  Plaintiffs are hereby **AWARDED,** against defendant Meridieth Construction, Inc., $36,569.10, plus interest from the date of judgment at the rate of 1 percent per month plus the costs of this action.  Plaintiffs are also **AWARDED,** against defendant Meridieth Construction, Inc., a reasonable attorney fee in the amount of $2,526.25.

The Clerk shall enter **FINAL JUDGMENT** accordingly.


July 21, 2009                    *s/Norah McCann King*
                                 Norah M<sup>c</sup>Cann King
                          United States Magistrate Judge